IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| OPERATING ENGINEERS LOCAL NO 37 HEALTH AND WELFARE FUND, by Robert Holsey, Trustee 3615 North Point Boulevard, Suite C Baltimore, MD  21222 | * * * | |
| OPERATING ENGINEERS LOCAL NO 37 PENSION FUND, by Robert Holsey, Trustee 3615 North Point Boulevard, Suite C Baltimore, MD  21222 | * * * | CIVIL ACTION NO. _____ |
| OPERATING ENGINEERS LOCAL NO 37 SEVERANCE AND ANNUITY FUND, by Robert Holsey, Trustee 3615 North Point Boulevard, Suite C Baltimore, MD  21222 | * * * * | |
| OPERATING ENGINEERS LOCAL NO 37 APPRENTICESHIP AND TRAINING FUND, by Robert Holsey, Trustee 3615 North Point Boulevard, Suite C Baltimore, MD  21222 | * * * | |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 37 3615 North Point Boulevard, Suite A Baltimore, MD  21222 | * * | |
| BALTIMORE BUILDING & CONSTRUCTION TRADES COUNCIL 5913 Harford Road Baltimore, MD  21214 | * * * | |
| Plaintiffs | * | |
| vs. | * | |

ALPHA DCS, LLC                                    *
4401 E. Lombard Street
Baltimore, MD  21224                              *

**SERVE ON:**                                     *
      <u>Resident Agent</u>
      Frank V. Boozer, Jr., Esq.           *
      614 Bosley Ave
      Baltimore, MD  21204                 *

and                                               *

                                                  *

JOHN A. DAVIS, Individually                       *
5206 Bush Street
White Marsh, MD  21162-1007                       *

      Defendants                           *

*      *      *      *      *      *      *      *      *      *      *      *      *      *

## COMPLAINT

## INTRODUCTION

1.      This is an action to: (a) enforce the terms of a collective bargaining agreement, (b)

collect delinquent employer contributions under the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1001 et <u>seq</u>., (c) recover diverted employee wage deductions under the

Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Employ. Art., Sec. 3-

501, et <u>seq</u>., (d) enjoin future violations of the collective bargaining agreement, ERISA, and MWPCL,

and (e) enforce the terms of a previously executed and settlement agreement.

## JURISDICTION

2.      This Court has subject matter jurisdiction over Counts I-V and IX pursuant to

Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and subject matter jurisdiction of

Counts VI-VIII pursuant to Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29

U.S.C. § 185(a).

2

3.      This Court has supplemental jurisdiction over Counts X-XIII, which assert matters so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367.

## PARTIES

4.      Plaintiff Operating Engineers Local No. 37 Health and Welfare Fund ("Health Fund") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). Robert Holsey is a duly appointed and authorized Trustee of the Health Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the Health Fund, which joint board of trustees is the plan sponsor of the Health Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). Operating Engineers Local No. 37 Vacation Fund, an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), merged into the Health Fund. Therefore, wage deductions for vacation benefits are paid to the Health Fund. The vacation deductions are in addition to required contributions for health and wealth benefits.

5.      Plaintiff Operating Engineers Local No. 37 Pension Fund ("Pension Fund") is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). Robert Holsey is a duly appointed and authorized Trustee of the Pension Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA,

29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Pension Fund, which joint board of trustees is the plan sponsor of the Pension Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6.     Plaintiff Operating Engineers Local No. 37 Severance and Annuity Fund ("Annuity Fund") is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). Robert Holsey is a duly appointed and authorized Trustee of the Annuity Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Annuity Fund, which joint board of trustees is the plan sponsor of the Annuity Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

7.     Plaintiff Operating Engineers Local No. 37 Apprenticeship and Training Fund ("Training Fund") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  Robert Holsey is a duly appointed and authorized Trustee of the Training Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Training Fund, which joint board of trustees is the plan sponsor of the Training Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

8.     Plaintiff International Union of Operating Engineers, Local 37 ("Union") is a labor organization, as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), which represents

4

employees in an industry affecting commerce within the meaning of Sections 2(7) and 301(a) of the

LMRA, 29 U.S.C. §§ 152(7), 185(a). Further, plaintiff Union is an employee organization, as defined

in Section 3(4) of ERISA, 29 U.S.C. §1002(4), and represents employees in an industry affecting

commerce as defined in Section 3(12) of ERISA, 29 U.S.C. §1002(12).

9.      Plaintiff Baltimore Building & Construction Trades Council ("Council") is a

labor organization, as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), which represents

employees in an industry affecting commerce within the meaning of Sections 2(7) and 301(a) of the

LMRA, 29 U.S.C. §§ 152(7), 185(a). Further, plaintiff Council is an employee organization, as defined

in Section 3(4) of ERISA, 29 U.S.C. §1002(4), and represents employees in an industry affecting

commerce as defined in Section 3(12) of ERISA, 29 U.S.C. §1002(12).

10.     Defendant Alpha DCS, LLC ("Alpha") is a Maryland limited liability company

that employs people under a collective bargaining agreement with the Union to work on various

projects in the mid-Atlantic area, including within this judicial district.  Alpha is believed to be an

alter ego of or successor to Davis Crane Rental, Inc. ("Davis Crane") a Maryland corporation in

forfeited status.

11.     Defendant John A. Davis ("Davis") is the owner and principal officer of Alpha,

and in his capacity as such, exercises authority and control respecting the unpaid employee fringe

benefit contributions and diverted wage deductions owed to Plaintiffs, described herein which makes

him a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) to the

Health Fund. Further, defendant Davis has substantial financial control over Alpha.

## COLLECTIVE BARGAINING AGREEMENT

12.      At all times relevant to this action, Alpha was subject to the Crane Rental

Agreement ("CBA") with the Union. The CBA provides for the rates of pay, wages, hours of

employment, and other conditions of employment for Alpha's employees covered by said CBA. The

CBA specifically provides for the payment by Alpha to the Health Fund, Pension Fund, Annuity Fund,

and Training Fund of specified sums of money for each hour worked by each of Alpha's employees

covered by said CBA. All payments are to be made by the 15th each month following the month in

which the hours were worked, and such payments are to be accompanied by a remittance report

showing the hours worked by each covered employee, the gross wages for such employees and the

amounts owed to each Fund.

13.    The CBA further provides for certain authorized deductions from the wages of

Alpha's employees. Specifically, union dues and Target contributions are to be deducted from

employees' wages and remitted to the Union. Amounts for vacation benefits are to be deducted from

employees' wages and remitted to the Health Fund. Contributions to the Council are to be deducted

from employees' wages and remitted to the Council.

14.    The CBA further provides that a contributing employer shall permit an audit of

its wage and business records, whenever requested by the Funds, at any reasonable time during the

business hours of the employer.

15.    The CBA further provides that Alpha accepts the terms and provisions of the

Agreement and Declaration of Trust for each Benefit Fund ("Trust Agreement") for each plaintiff

described in paragraphs 4-7 (collectively, "Benefit Funds"), and that such Trust Agreements are

incorporated by reference into the CBA. The CBA further provides that Alpha ratifies, confirms,

approves, and consents to all of the lawful acts of the Trustees of the Benefit Funds to carry out the

administration of the Benefit Funds. The Trust Agreements give the Trustees the power to make rules

establishing procedures for the collection of delinquent contributions. In accordance with the Trust

Agreements, the Trustees adopted Delinquency Procedures, under which the Trustees are authorized to

estimate the amount of any unpaid monthly contributions by averaging the monthly payments owed by an

employer for the last one, three, six, or twelve months for which payments were made, whichever average

is greater. The Delinquency Procedures further provide that, in the event an employer is thirty days or

more late in making a required contribution, and has failed to submit its regular remittance reports

showing the employees and the hours for which contributions are due, the Trustees may (but are not

obligated to) use projected monthly averages as estimates of the contributions due for the delinquent

months and for subsequent delinquent months. Projected averages determined under the Delinquency

Procedures may be used by the Trustees for purposes of any suit, and no other proof need be furnished

by the Trustees to any court to compute the total payments due from an employer for all delinquent

months.

## ERISA SECTION 502(g)

16.     Section 502(g) of ERISA, 29 U.S.C. §1132(g), requires the court to award

liquidated damages of up to twenty percent (20%) as provided under the terms of an agreement, in

addition to the amount of unpaid contributions, interest, reasonable attorneys' fees and costs when

judgment is entered in favor of an employee benefit plan for unpaid contributions. The CBA provides

that interest at the rate of eighteen percent (18%) per year applies to delinquent contributions to the

Health Fund, Pension Fund, Annuity Fund, and Training Fund, and that liquidated damages in the

amount of twenty percent (20%) will be assessed on the principal amount of such delinquent

contributions payments. The CBA also provides that an employer that is delinquent will be responsible

for reasonable attorneys' fees and costs incurred in collecting the delinquent contributions.

## ERISA FIDUCIARY DUTIES

17.     Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1), provides in pertinent part

that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants

and beneficiaries and for the exclusive purpose of providing benefits, in accordance with the documents and instruments governing the plan. Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i), defines a "fiduciary" as any person to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets. Department of Labor Regulation, 29 C.F.R. § 2510.3-102(a)(1), provides that plan assets include amounts (other than union dues) that a participant pays or has withheld from his wages by an employer, as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets.

### MARYLAND WAGE PAYMENT AND COLLECTION LAW

18.     Section 3-507.2 of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-507.2, provides that if an employer fails to properly pay or deduct wages, an action may be brought against the employer, and the court may award an amount not exceeding three times the amount owed, and attorneys' fees and costs.

### SETTLEMENT AGREEMENT

19.     A settlement agreement (the "Settlement Agreement") was entered into between the Benefit Funds and Davis Crane, Alpha, and Davis in 2018. The  Settlement Agreement resulted from an action filed in this Court (Case No. 1:18-cv-01135-RBD) and provides for payment of delinquent fringe benefit contributions to the Benefit Funds for work performed by employees of Davis Crane from July 2015 through March 2018 ("Delinquency Settlement Amount"). A copy of the Settlement Agreement is attached as Exhibit A.  The Settlement Agreement states that if Davis Crane fails to make any payments it owes to the Benefit Funds under a collective bargaining agreement for work performed through December 2019, Davis Crane will consent to the entry of judgment against it for liquidated

8

damages in the amount of $30,828.24. Alpha and Davis guaranteed the amounts owed by Davis Crane

pursuant to the Settlement Agreement.

**Count One**
**ERISA Section 515 Claim of Pension Fund Against Alpha**

20.     Plaintiffs hereby incorporate each and every allegation set forth in

paragraphs 1-19

21.     Alpha has failed and refused to pay the required employee fringe benefit

contributions due and owing to the Pension Fund for hours worked by Alpha's employees for the

months of September 2019 through March 2020, and owes contributions in the amount of $10,060.33,

liquidated damages in the amount of $2,012.07, and interest owed through May 20, 2020 in the amount

of $641.60 for those months.

22.     Based on the failure of Alpha to pay employee fringe benefit contributions in a

timely manner for prior months, the Pension Fund believes that Alpha will continue to fail to pay

employee fringe benefit contributions in a timely manner for future months. WHEREFORE, the

Pension Fund prays:

a.     That this Court order Alpha to make all of its wage and business records

available, to the extent not already provided, to the Pension Fund's auditors to determine the exact

amount owed for September 2019 through March 2020, and any periods subsequent to the filing of this

complaint and prior to the entry of judgment;

b.     That judgment be entered against Alpha in the amount of $10,060.33 in

unpaid contributions for the months of September 2019 through March 2020, liquidated damages in

the amount of $2,012.07 for those months, and interest owed through May 20, 2020 in the amount of

$641.60 for those months;

9

c.      That judgment be entered against Alpha in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

d.      That the Pension Fund be afforded post-judgment interest, reasonable attorneys' fees, and its costs;

e.      That Alpha be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

f.      That such other relief be granted as this Court deems just and proper.

**Count Two**
**ERISA Section 515 Claim of Annuity Fund Against Alpha**

23.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-22.

24.     Alpha has failed and refused to pay the required employee fringe benefit contributions due and owing to the Annuity Fund for hours worked by Alpha's employees for the months of September 2019 through March 2020, and owes contributions in the amount of $9,490.00, liquidated damages in the amount of $1,898.00, and interest owed through May 20, 2020 in the amount of $609.10 for those months.

25.     Based on the failure of Alpha to pay employee fringe benefit contributions in a timely manner for the prior months, the Annuity Fund believes that Alpha will continue to fail to pay employee fringe benefit contributions in a timely manner for future months. WHEREFORE, the Annuity Fund prays:

10

a.   That this Court order Alpha to make all of its wage and business records available, to the extent not already provided, to the Annuity Fund's auditors to determine the exact amount owed for September 2019 through March 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.   That judgment be entered against Alpha in the amount of $9,490.00 in unpaid contributions for the months of September 2019 through March 2020, liquidated damages in the amount of $1,898.00 for those months, and interest owed through May 20, 2020 in the amount of $609.10 for those months;

c.   That judgment be entered against Alpha in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

d.   That the Annuity Fund be afforded post-judgment interest, reasonable attorneys' fees, and its costs;

e.   That Alpha be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

f.   That such other relief be granted as this Court deems just and proper.

### Count Three
### ERISA Section 515 Claim of Training Fund Against Alpha

26.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-25.

27.     Alpha has failed and refused to pay the required employee fringe benefit contributions due and owing to the Training Fund for hours worked by Alpha's employees for the months of September 2019 through March 2020, and owes contributions in the amount of $1,518.40,

liquidated damages in the amount of $303.68, and interest owed through May 20, 2020 in the amount of $97.46 for those months.

        28.    Based on the failure of Alpha to pay employee fringe benefit contributions in a timely manner for the prior months, the Training Fund believes that Alpha will continue to fail to pay employee fringe benefit contributions in a timely manner for future months. WHEREFORE, the Training Fund prays:

        a.    That this Court order Alpha to make all of its wage and business records available, to the extent not already provided, to the Training Fund's auditors to determine the exact amount owed for September 2019 through March 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

        b.    That judgment be entered against Alpha in the amount of $1,518.40 in unpaid contributions for the months of September 2019 through March 2020, liquidated damages in the amount of $303.68 for those months, and interest owed through May 20, 2020 in the amount of $97.46 for those months;

        c.    That judgment be entered against Alpha in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

        d.    That the Training Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

        e.    That Alpha be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

        f.    That such other relief be granted as this Court deems just and proper.

**Count Four**
**ERISA Section 515 Claim of Health Fund Against Alpha**
**(Health and Welfare Contributions)**

29.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-28.

30.     Alpha has failed and refused to pay the required employee fringe benefit contributions due and owing to the Health Fund for hours worked by Alpha's employees for the months of September 2019 through March 2020, and owes contributions in the amount of $9,015.51, liquidated damages in the amount of $1,803.10, and interest owed through May 20, 2020 in the amount of $578.64 for those months.

31.     Based on the failure of Alpha to pay employee fringe benefit contributions in a timely manner for prior months, the Health Fund believes that Alpha will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the Health Fund prays:

a.     That this Court order Alpha to make all of its wage and business records available, to the extent not already provided,  to the Health Fund's auditors to determine the exact amount owed for September 2019 through March 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Alpha in the amount of $9,015.51 in unpaid contributions for the months of September 2019 through March 2020, liquidated damages in the amount of $1,803.10 for those months, and interest owed through May 20, 2020 in the amount of $578.64 for those months;

c.     That judgment be entered against Alpha in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment,

13

together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

      d.    That the Health Fund be afforded post-judgment interest, reasonable attorneys' fees, and its costs;

      f.    That Alpha be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

      g.    That such other relief be granted as this Court deems just and proper.

**Count Five**
**ERISA Section 515 Claim of Health Fund Against Alpha**
**(Vacation Deduction)**

32.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-31.

33.    Alpha has failed and refused to remit the required wage deductions due and owing to the Health Fund for hours worked by Alpha's employees for the months of September 2019 through March 2020, and owes wage deductions in the amount of $5,694.00, liquidated damages in the amount of $1,138.80, and interest owed through May 20, 2020 in the amount of $365.46 for those months.

34.    Based on the failure of Alpha to remit the required wage deductions in a timely manner for prior months, the Health Fund believes that Alpha will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the Health Fund prays:

      a.    That this Court order Alpha, to make all of its wage and business records available , to the extent not already provided, to the Health Fund's auditors to determine the exact amount owed for September 2019 through March 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

14

b.     That judgment be entered against Alpha in the amount of $5,694.00 in diverted wage deductions for the months of September 2019 through March 2020, liquidated damages in the amount of $1,138.80 for those months, and interest owed through May 20, 2020 in the amount of $365.46 for those months;

c.     That judgment be entered against Alpha in the amount of all diverted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such wage deductions;

d.     That the Health Fund be afforded post-judgment interest, reasonable attorneys' fees, and its costs;

e.     That Alpha be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

f.     That such other relief be granted as this Court deems just and proper.

## Count Six
## Union's Claim Against Alpha for Breach of CBA (Union Dues)

35.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-34.

36.     Alpha has failed and refused to remit the required wage deductions due and owing to the Union for hours worked by Alpha's employees for the months of September 2019 through March 2020, and owes wage deductions for Union dues in the amount of $1,499.43 and interest owed through May 20, 2020 in the amount of $96.24 for those months.

15

37.     Based on the failure of Alpha to remit the required wage deductions in a timely manner for prior months, the Union believes that Alpha will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the Union prays:

     a.     That this Court order Alpha to make all of its wage and business records available, to the extent not already provided, to the Union's auditors to determine the exact amount owed for September 2019 through March 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

     b.     That judgment be entered against Alpha in the amount of $1,499.43 in diverted wage deductions for the months of September 2019 through March 2020 and interest owed through May 20, 2020 in the amount of $96.24 for those months;

     c.     That judgment be entered against Alpha in the amount of all diverted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum;

     d.     That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs;

     e.     That Alpha be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

     f.     That such other relief be granted as this Court deems just and proper.

### Count Seven
### Union's Claim Against Alpha for Breach of CBA (Target Contributions)

38.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-37.

7868528 4 50007/137164 06/09/2020

39.      Alpha has failed and refused to remit the required wage deductions due and owing to the Union for hours worked by Alpha's employees for the months of September 2019 through March 2020, and owes wage deductions for Target contributions in the amount of $1,043.91 liquidated damages in the amount of $208.78, and interest owed through May 20, 2020 in the amount of $67.00 for those months.

40.      Based on the failure of Alpha to remit the required wage deductions in a timely manner for prior months, the Union believes that Alpha will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the Union prays:

a.      That this Court order Alpha to make all of its wage and business records available, to the extent not already provided,  to the Union's auditors to determine the exact amount owed for September 2019 through March 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Alpha in the amount of $1,043.91 in diverted wage deductions for the months of September 2019 through March 2020, liquidated damages in the amount of $208.78 for those months, and interest owed through May 20, 2020 in the amount of $67.00 for those months;

c.      That judgment be entered against Alpha in the amount of all diverted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such wage deductions;

d.      That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs;

7868528 4 50007/137164 06/09/2020

e.      That Alpha be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

f.      That such other relief be granted as this Court deems just and proper.

**Count Eight**
**Council's Claim Against Alpha for Breach of CBA**

41.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-40.

42.      Alpha has failed and refused to remit the required wage deductions due and owing to the Council for hours worked by Alpha's employees for the months of September 2019 through March 2020, and owes wage deductions in the amount of $75.92 and interest owed through May 20, 2020, in the amount of $4.87 for those months.

43.      Based on the failure of Alpha to remit the required wage deductions in a timely manner for prior months, the Union believes that Alpha will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the Council prays:

a.      That this Court order Alpha to make all of its wage and business records available, to the extent not already provided,  to the Council's auditors to determine the exact amount owed for September through March 2020, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Alpha in the amount of $75.92 in diverted wage deductions for the months of September 2019 through March 2020 and interest owed through May 20, 2020, in the amount of $4.87 for those months;

18

   c. That judgment be entered against Alpha in the amount of all diverted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum;

   d. That the Council be afforded post-judgment interest, reasonable attorneys' fees and its costs;

   e. That Alpha be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

   f. That such other relief be granted as this Court deems just and proper.

**Count Nine**
**ERISA Breach of Fiduciary Duty Claim of Health Fund, Pension Fund, Annuity Fund, and Training Fund Against Davis**

  44. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-43.

  45. Under Davis's direction and control, Alpha has failed and refused to  pay the required employee fringe benefit contributions and remit the required wage deductions due and owing to the Health Fund, Pension Fund, Annuity Fund and Training Fund (collectively, the "Benefit Funds") for hours worked by Alpha's employees for the months of September 2019 through March 2020, and owes contributions and wage deductions in the amount of $35,778.24 and interest owed through May 20, 2020, in the amount of $2,292.25 for those months.

  46. Based on the failure of Alpha to pay employee fringe benefit contributions and remit the required wage deductions in a timely manner for prior months, the Benefit Funds believe that Alpha, under Davis's direction and control, will continue to fail to pay employee fringe benefit contributions and remit the required wage deductions in a timely manner for future months.

  WHEREFORE, the Benefit Funds pray:

19

a.     That judgment be entered against Davis in the amount of $35,778.24 in unpaid employee fringe benefit contributions and diverted wage deductions for the months of September 2019 through March 2020 and interest owed through May 20, 2020, in the amount of $2,292.25 for those months;

b.     That judgment be entered against Davis in the amount of all unpaid employer fringe benefit contributions and diverted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest;

c.     That the Benefit Funds be afforded post-judgment interest, reasonable attorneys' fees and its costs; and

d.     That such other relief be granted as this Court deems just and proper.

## Count Ten
## MWPCL Claim Against Alpha and Davis (Union Dues)

47.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-46.

48.     Alpha has failed and refused to remit the required wage deductions due for hours worked by Alpha's employees for the months of September 2019 through March 2020, and owes wage deductions for Union dues in the amount of $1,499.43.

WHEREFORE, the Union prays on behalf of its members:

a.     That judgment be entered against Alpha in an amount equal to $4,498.29 (three times $1,499.43) for diverted wage deductions for the months of September 2019 through March 2020;

b.     That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs on behalf of its members;

20

c.    That judgment be entered against Davis as described in subparagraphs a and b of this Count; and

d.    That such other relief be granted as this Court deems just and proper.

### Count Eleven
### MWPCL Claim Against Alpha, and Davis (Target Contributions)

49.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-47.

50.    Alpha has failed and refused to remit the required wage deductions due for hours worked by Alpha's employees for the months of September 2019 through March 2020, and owes wage deductions for Target contributions in the amount of $1,043.91.

WHEREFORE, the Union prays on behalf of its members:

a.    That judgment be entered against Alpha in an amount equal to $3,131.73 (three times $1,043.91) for diverted wage deductions for the months of September 2019 through March 2020;

b.    That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs on behalf of its members;

c.    That judgement be entered against Alpha as described in subparagraphs a and b of this Count;

d.    That judgment be entered against Davis as described in subparagraphs a and b of this Count; and

e.    That such other relief be granted as this Court deems just and proper.

21

## Count Twelve
### MWPCL Claim Against Alpha, and Davis (Contributions to Council)

51.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-50.

52.     Alpha has failed and refused to remit the required wage deductions due for hours worked by Alpha's employees for the months of September 2019 through March 2020, and owes wage deductions for contributions to the Council in the amount of $75.92.

WHEREFORE, the Council prays on behalf of its members:

a.     That judgment be entered against Alpha in an amount equal to $227.76 (three times $75.92) for diverted wage deductions for the months of September 2019 through March 2020;

b.     That the Council be afforded post-judgment interest, reasonable attorneys' fees and its costs on behalf of its members;

c.     That judgment be entered against Officers as described in subparagraphs a and b of this Count; and

d.     That such other relief be granted as this Court deems just and proper.

## Count Thirteen
### Enforcement of Settlement Agreement of Health Fund, Pension Fund, Annuity Fund, and Training Fund Against Alpha and Davis

53.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-52.

54.     Davis Crane and its alter ego/successor Alpha, have failed to make payments owed to the Benefit Funds under the CBA for work performed through December 2019 as set forth in paragraphs 21, 24, 27, 30 and 33 herein. Under Section 3 of the Settlement Agreement, such failure results in the Funds bein entitled to the entry of judgment for $30k. Alpha and Davis guaranteed all

22

amounts owed by Davis under the Settlement Agreement Alpha and Davis personally, guaranteed the amounts owed by Davis Crane.

WHEREFORE, the Benefit Funds pray:

a.   That judgment be entered against Alpha and Davis for $30,828.24 in accordance with the Settlement Agreement.

Date:  June 9, 2020

*/s/  Robert A. Gaumont*
Robert A. Gaumont (Fed Bar. No. 26302)
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, MD  21202
Tel: 410-576-4007
Fax: 410-576-4269
rgaumont@gfrlaw.com

*Attorney for Plaintiffs*

23

7868528 4 50007/137164 06/09/2020